**NACH, RODGERS, HILKERT & SANTILLI**
1220 E. Osborn, Suite 101
Phoenix, AZ 85014
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Ross M. Mumme – 029956
Email:  adam.nach@nrhslaw.com
         ross.mumme@nrhslaw.com
         docket@nrhslaw.com

*Attorneys for Jill H. Ford, Plaintiff*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| ANTHONY JOSEPH INSERRA, | No. 2:24-bk-00875-PS |
| Debtor. | **Adversary No.**<br>**SEE SUMMONS** |
| JILL H. FORD, CHAPTER 7 TRUSTEE, | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| ANTHONY SALVATORE INSERRA AND ANNAMARIA INSERRA, husband and wife, | |
| Defendants. | |

Plaintiff, Jill H. Ford, Trustee, by and through undersigned, for this Complaint against Anthony Salvatore Inserra and AnnaMaria Inserra (collectively, "**Defendants**"), respectfully alleges as follows:

### PARTIES

1. Anthony Joseph Inserra ("**Debtor**") filed his voluntary Petition under Chapter 7 of Title 11 of the United States Code on February 6, 2024 ("**Petition Date**").

2. Jill H. Ford is the duly appointed and acting Trustee of the Chapter 7 Estate ("**Trustee**" or "**Plaintiff**").

3. Upon information and belief, Anthony Salvatore Inserra ("**Father**") and AnnaMaria Inserra ("**Mother**") are husband and wife and are residents of Arizona who reside in Gila County, Arizona. All acts of Father and Mother were for the benefit of their marital community.

4. Upon information and belief, Defendants are the Debtor's parents, making them insiders pursuant to 11 U.S.C. § 101(31)(A)(i).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

6. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

7. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (H).

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

9. Plaintiff consents to the jurisdiction of this Court pursuant to Federal Rule of Bankruptcy Procedure 7008.

10. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

11. All acts giving rise to the cause of action in this Complaint occurred or caused events to occur in the State of Arizona.

## GENERAL ALLEGATIONS

12. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

13. TI Investing, LLC is an Arizona limited liability company that is wholly owned by the Debtor. (**Exhibit A**).

14. Upon information and belief, on or around December 30, 2022, the Debtor deposited $165,153.62 into his bank account, which represents sales proceeds the Debtor generated from the sale of real property owned by the Debtor. (**Exhibit B**).

15. Upon information and belief, on January 17, 2023, the Debtor transferred $142,419.46 to Great American Title Agency, Inc. for the purchase of the real property located at 816 S. Running Elk Road, Payson, Arizona 85541 ("**Real Property**"). (**Exhibit C**).

16. On or around January 20, 2023, Father purchased the real property located at 816 S. Running Elk Road, Payson, Arizona 85541 ("**Real Property**"). (**Exhibit D**).

17. On or around January 20, 2023, Mother executed a Disclaimer Deed, disclaiming her interest in the Real Property. (**Exhibit E**).

18. Upon information and belief, the Debtor received no consideration for transferring the $142,419.46 to Great American Title for the purchase of the Real Property for the benefit of Defendants, did not receive an interest in the Real Property, and received no consideration in exchange for the transfer ("**Transfer**").

**COUNT ONE**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**
**[A.R.S. § 44-1004(A)(1)]**

19. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

20. Pursuant to A.R.S. § 44-1004(A)(1), a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following…With actual intent to hinder, delay or defraud any creditor of the debtor…"

21. A transfer is fraudulent as to a creditor if the Debtor made the transfer "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor." A.R.S. § 44-1004(A)(1).

22. In determining whether a transfer is avoidable as a fraudulent transfer, the Court must determine whether the Debtor's transfer hindered or delayed a creditor of Debtors. *In re Beverly*, 374 B.R. 221, 235 (B.A.P. 9th Cir. 2007), *aff'd in part, dismissed in part,* 551 F.3d 1092 (9th Cir. 2008). As more fully explained below, there were a plethora of creditors at the time the Real Property was transferred.

23. Upon information and belief, when the Debtor transferred his funds to purchase the Real Property, he made the Transfer to Defendants/for the benefit of the Defendants, the Debtor had liabilities in excess of $2,380,284.16 (2:24-bk-00875-PS; DE 1, pg. 8).

24. Upon information and belief, when the Debtor purchased the Real Property, making the Transfer to Defendants/for the benefit of the Defendants, his liabilities exceeded his assets. (2:24-bk-00875-PS; DE 1, pg. 8).

25. Upon information and belief, at the time of the Transfer, the Debtor had assets in the approximate amount of $45,106.00. (2:24-bk-00875-PS; DE 1, pg. 8).

26. Given direct evidence of fraud is uncommon, the Court may turn to inferential circumstances consistent with the requisite intent. *In re Beverly*, 374 B.R. 221, 235 (B.A.P. 9th Cir. 2007), *aff'd in part, dismissed in part*, 551 F.3d 1092 (9th Cir. 2008).

27. Arizona Revised Statute § 44-1004 provides a list of non-exhaustive factors "that historically (since the Statute of 13 Elizabeth in 1572) have been regarded as circumstantial "badges of fraud" that are probative of intent."[1] *Id*.

28. The circumstantial evidence of badges of fraud in this case include, but may not be limited to:

    a. The Transfer was made to or for the benefit of an insider, Debtor's parents. (A.R.S. § 44-1004(B)(1));

    b. The Transfer was not disclosed on the Debtor's Schedules or Statement of Financial Affairs. (A.R.S. § 44-1004(B)(3));

    c. Before the Transfer, the Debtor had been sued by the following:

        i. Barclays Bank of Delaware (CV2020-003038);

        ii. Velocity Investments, LLC (CV2020-011510);

        iii. American Express National Bank (CV2020-012289);

        iv. Bank of America (CV2021-000926); and

---

[1] While *In re Beverly* examines Cal. Civ. Code 3439.04, like Arizona, California has also adopted the Uniform Fraudulent Transfer Act and Cal. Civ. Code 3439.04 is essentially identical to A.R.S. § 44-1004. Indeed, the non-exhaustive factors giving rise to the "badges of fraud" while not verbatim, are identical.

v.  First Portfolio Ventures II, LLC (CV2023-009185). (A.R.S. § 44-1004(B)(4));

d.  The Transferred funds were essentially all of the Debtor's valuable assets. (A.R.S. § 44-1004(B)(5));

e.  Upon information and belief, the Debtor received nothing in exchange for the Transfer. (A.R.S. § 44-1004(B)(8)); and

f.  Upon information and belief, the Debtor was insolvent when he made the Transfer or became insolvent as a result of the Transfer. (A.R.S. § 44-1004(B)(9)).

29. The funds used to purchase the Real Property would have been property of the Estate pursuant to 11 U.S.C. § 541.

30. The Debtor has an interest in any property that would have been property of the bankruptcy estate, if not for the transfer. *Diamond v. Hogan Lovells US LLP*, 883 F.3d 1140, 1147 (9th Cir. 2018), *certified question answered*, 224 A.3d 1007 (D.C. 2020) citing *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). Therefore, the Debtor had an interested in the funds used to purchase the Real Property.

31. The Debtor's voluntary Transfer of the funds to purchase the Real Property constitutes a "transfer" as defined in 11 U.S.C. § 101(54).

32. The foregoing evidence illustrates that a number of the badges of fraud are present in this case. (A.R.S. §§ 44-1001(B)(1), (3), (4), (5), (8), and (9)).

33. The Plaintiff asserts that the foregoing cumulatively illustrates evidence sufficient to allow this Court to determine in making the Transfer, the Debtor had the intent to hinder, delay, or defraud creditors pursuant to A.R.S. § 44-1004(A)(1).

34. Pursuant to 11 U.S.C. §§ 550 and 544, Plaintiff may recover a judgment for the value of $142,419.46, which is the sum the Debtor transferred for the benefit of Defendants to purchase the Real Property.

35. Pursuant to 11 U.S.C. 550, Plaintiff may recover the equivalent value of the transfer from the Defendants as the as the persons for whose benefit the Transfer was made.

36. Pursuant to 11 U.S.C. § 551, upon avoidance of the Transfer, the value of the

judgment obtained shall be preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against the Defendants (jointly and severally) as follows:

A.      Avoiding the Transfer pursuant to A.R.S. § 44-1004(A)(1);

B.      Directing Defendants to turn over the sum of the Transfer in an amount of not less than $142,419.46 pursuant to 11 U.S.C. § 550;

C.      Preserving the value of any judgment for the benefit of the Estate pursuant to 11 U.S.C. §551;

D.      For interest at the highest rate allowed by law from the date of the Transfer until any judgment is paid in full;  and

E.      For such other and further relief as this Court deems just and proper.

**COUNT TWO**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**
**[A.R.S. § 44-1004(A)(2)]**

37. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

38. Pursuant to A.R.S. § 44-1004(A)(2):

A. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following:…

1.      Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

     a.   Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

     b.   Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

39. Upon information and belief, the Debtor received no consideration in exchange for the Transfer, which is less than reasonably equivalent value.

40. Upon information and belief, when the Debtor made the Transfer, he intended to incur or reasonably should have believed that he would incur debts beyond his ability to pay as they came due.

41. As stated above, upon information and belief, when the Transfer was made, the Debtor's liabilities exceed his assets.

42. Upon information and belief, when the Transfer was made, the Debtor had the following liabilities:

| Creditor | Amount of Claim | Date of Claim |
|---|---|---|
| Arizona Department of Revenue | $10,477.04 | 2020 |
| Arizona Department of Revenue | $13,578.06 | 2021 |
| Arizona Department of Revenue | $14,397.31 | 2022 |
| Arizona Department of Revenue | $7,117.96 | 2019 |
| Internal Revenue Service | $13,608.05 | 2022 |
| Internal Revenue Service | $9,423.93 | 2020 |
| Internal Revenue Service | $5,362.79 | 2017 |
| AMEX | $6,174.00 | 2018 |
| Barclays | $12,637.00 | 2018 |
| Bank of America | $7,022.00 | 2017 |
| Cap One | Unknown | 2009 |
| Enerbanks | $8,384.00 | 2016 |
| First Portfolio Ventures II, LLC | Unknown | 2023 |
| Matco Finc | $2,169.00 | 2017 |
| Mode Commercial | $229,856.16 | Unknown |
| Opensky Cbnk | $1,390.00 | 2020 |
| Stripe Capital | $13,402.86 | Unknown |
| Synch/PPC | $4,249.00 | 2015 |
| WF/Shaneco | $2,608.00 | 2017 |

43. Pursuant to 11 U.S.C. § 101(32)(A), insolvency means when an entity's financial condition is such that the sum of its debts is greater that the fair market value of its property (excluding the transferred property and exempt property).

44. Based upon the Debtor's Schedules and Statement of Financial Affairs, at the time of the Transfer, he had no other valuable assets. Therefore, the Debtor's liabilities greatly exceeded his assets and the Debtor was insolvent when the Transfer was made.

45. Upon information and belief, the Funds used to make the Transfer were the Debtor's only valuable asset.

46. Upon information and belief, when the Transfer was made, the Debtor was engaged or was about to engage in business/transactions for which his remaining assets were unreasonably small in relation to the business/transaction.

47. Upon information and belief, when the Transfer was made, the Debtor intended to incur or believed or reasonably should have believed he would not be able to pay his debts as they came due.

48. A debtor is insolvent when the sum of their debts is greater than the sum of their assets at fair market value. A.R.S. § 44-1002(A).

49. As explained above, when the Transfer was made, the Debtor was insolvent.

50. The Plaintiff asserts that the foregoing cumulatively illustrates evidence sufficient to allow this Court to determine that in making the Transfer, the Debtor received no consideration and: (1) Debtor was engaged in business/transactions for which his remaining assets were unreasonably small with relation to the business/transaction; and/or (2) Debtor intended to incur or believed or reasonably should have believed that he would incur debts beyond his abilities to pay them as they came due. A.R.S. § 44-1004(A)(2).

51. Pursuant to 11 U.S.C. §§ 550 and 544, Plaintiff may recover a judgment for the value of the Transfer.

52. Pursuant to 11 U.S.C. 550, Plaintiff may recover the equivalent value of the transfer from the Defendants as the persons for whose benefit the Transfer was made.

53. Pursuant to 11 U.S.C. § 551, upon avoidance of the Transfer, the value of the judgment obtained shall be preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against the Defendants (jointly and severally) as follows:

A. Avoiding the Transfer pursuant to A.R.S. § 44-1004(A)(2);

B. Directing Defendants to turn over the sum of the Transfer in an amount of not less than $142,419.46 pursuant to 11 U.S.C. § 550;

C. Preserving the value of any judgment for the benefit of the Estate pursuant to 11 U.S.C. § 551;

D. For interest at the highest rate allowed by law from the date of the Transfer until any judgment is paid in full; and

E. For such other and further relief as this Court deems just and proper.

**COUNT THREE**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**
**[11 U.S.C. §§ 548(a)(1)(A), 550, and 551)]**

54. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

55. Pursuant to 11 U.S.C. § 548(a)(1)(A):

> The Trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

> (A)    made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted

56. Upon information and belief, the funds used to purchase the Real Property was property of the Debtor. The Debtor has an interest in any property that would have been property of the bankruptcy estate, if not for the transfer. *Diamond v. Hogan Lovells US LLP*, 883 F.3d 1140, 1147 (9th Cir. 2018), *certified question answered*, 224 A.3d 1007 (D.C. 2020) citing *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

57. Debtor's voluntary transfer of the funds to purchase the Real Property constitutes a "transfer" as defined in 11 U.S.C. § 101(54).

58. Upon information and belief, the Debtor made the Transfer to stave off legitimate creditors of the Debtor by putting property of the Debtor in such a place that its creditors could not reach it; whether Debtor did this with the intent to defraud creditors of payments or simply to obtain enough time to restore the Debtor's affairs is irrelevant. The Transfer had the impact of hindering and delaying collections to Debtor's legitimate creditors.

59. As more fully set forth above, the Trustee asserts the Transfer is a fraudulent transfer because it was made with actual intent to hinder, delay or defraud any creditor of the debtor.

60. As more fully set forth above, Debtor was insolvent when the Transfer was made because his liabilities exceeded his assets. A.R.S. § 44-1002(A).

61. As more fully set forth above, a number of the badges of fraud are present in this case. (A.R.S. §§ 44-1001(B)(1), (3), (4), (5), (8), and (9)).

62. The Plaintiff asserts that the foregoing cumulatively illustrates evidence sufficient to allow this Court to determine that in making the Transfer, the Debtor had the intent to hinder, delay, or defraud creditors.

63. Therefore, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

64. Pursuant to 11 U.S.C. 550, Plaintiff may recover the equivalent value of the transfer from the Defendants as the as the persons for whose benefit the Transfer was made.

65. Pursuant to 11 U.S.C. § 551, upon avoidance of the Transfer, the value is preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against Defendants (jointly and severally) as follows:

A.      Avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A);

B.      Directing Defendants to turn over the sum of the Transfer in an amount of not less than $142,419.46 pursuant to 11 U.S.C. § 550;

C.      Preserving the transfer for the benefit of the Estate pursuant to 11 U.S.C. § 551;

D.      For interest at the highest rate allowed by law from the date of the Transfer until any judgment is paid in full; and

E.      For such other and further relief as this Court deems just and proper.

**COUNT FOUR**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**
**[11 U.S.C. §§ 548(a)(1)(B), 550, and 551)]**

66. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

67. Pursuant to 11 U.S.C. § 548(a)(1)(B):

> The Trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(B)

    i.   received less than a reasonably equivalent <u>value</u> in exchange for such transfer or obligation; and

    ii.

        I.    was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

        II.   was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

        III.  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

        IV.  made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

68. Upon information and belief, the Debtor received no consideration in exchange for the Transfer.

69. Debtor's voluntary Transfer of the funds to purchase the Real Property constitutes "transfers" as defined in 11 U.S.C. § 101(54).

70. Upon information and belief and as more fully set forth above, Debtor:

    a.   Was insolvent when the Transfer was made or became insolvent as a result of the Transfer (Debtor's liabilities significantly outweighed his assets);

    a.   Was engaged in business or was about to engage in business for which his remaining property/capital was unreasonably small;

    b.   Intended to incur or believed he would incur debts beyond his ability to pay them as they came due; and/or

    c.   The Transfer was made for the benefit of an insider.

71. The Transfer was of property of the Debtor pursuant to 11 U.S.C. § 548(a)(1).

72. Upon information and belief, Debtor received no consideration in exchange for the Transfer. Therefore, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

73. Upon information and belief, Debtor was insolvent when the Transfer was made or became insolvent as a result of the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

74. Upon information and belief, when the Transfer was made, the Debtor was engaged in business or was about to engage in business for which his remaining capital was unreasonably small pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

75. Upon information and belief, when the Transfer was made, the Debtor intended to incur or believed he would incur debts that were beyond his ability to pay 11 U.S.C. § 548(a)(1)(B)(ii)(III).

76. The Transfer was made to an insider pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(IV).

77. Therefore, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

78. Pursuant to 11 U.S.C. 550, Plaintiff may recover the equivalent value of the transfer from the Defendants as the persons for whose benefit the Transfer was made.

79. Pursuant to 11 U.S.C. § 551, upon avoidance of the Transfer, the value of the Transfer is preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against Defendants (jointly and severally) as follows:

A.   Avoiding the transfer of the Real Property pursuant to 11 U.S.C. § 548(a)(1)(B);

B.   Directing Defendants to turn over the sum of the Transfer in an amount of not less than $142,419.46 pursuant to 11 U.S.C. § 550;

C.   Preserving the transfer for the benefit of the Estate pursuant to 11 U.S.C. §551;

D.   For interest at the highest rate allowed by law from the date of the transfer of the Real Property until any judgment is paid in full;  and

E.   For such other and further relief as this Court deems just and proper

/ / /

DATED: January 23, 2026.

**NACH, RODGERS, HILKERT & SANTILLI**

By: */s/ Adam B. Nach – 013622*
     Adam B. Nach
     Ross M. Mumme
     *Attorneys for Trustee*

# EXHIBIT "A"



## Arizona Business Center

Login          Register

## Business Search 

Home > Business Search > Business Information

Back

| | |
|---|---|
| **Business Name** | **Business Type** |
| TI Investing LLC | Domestic Limited Liability Company |
| **Business ID** | **State of Formation/Jurisdiction** |
| 23419792 | Arizona |
| **Principal Office Address** | **Mailing Address** |
| Tony Inserra - 17245 e. La Pasada drive, FOUNTAIN HILLS, AZ, Maricopa, 85268, USA | - |
| **Date of Formation** | **Status Date** |
| 10/12/2022 | 10/12/2022 |
| **Management Structure** | **Period of Duration** |
| Member Managed | Perpetual |

Business Status
**Active**

Reason for Status
**In Good Standing**

## Character of Business

532310-General Rental Centers

## Statutory Agent Information

| | |
|---|---|
| Agent Type | Agent Name |
| **Individual** | **Juliana Stallone Francesca** |

Status
**Active**

Physical Address Attention
-

Mailing Address Attention
-

Effective Date
-

Statutory Agent Address (Physical Address)
**12196 E. Sahuaro Drive,, SCOTTSDALE, AZ, Maricopa, 85259, USA**

Mailing Address
**12196 E. Sahuaro Drive,, SCOTTSDALE, AZ, Maricopa, 85259, USA**

## Principals Information (1)

| Title | Principal Type | Name | Attention | Address |
|---|---|---|---|---|
| Member | Individual | Anthony Joseph Inserra | - | 17245 e. La Pasada drive, FOUNTA |

**Filing History** | Name History | Stat. Agent History | Service History | Restructuring History | Microfilm H

| Filing Number | Filing Date | Effective Date | Filing Type | Filing Status | View |
|---|---|---|---|---|---|
| 22101214568037 | 10/12/2022 | 10/12/2022 | Articles of Organization | Approved | |
| | 09/16/2022 | 09/16/2022 | Business Office Correction | Approved | |

# EXHIBIT "B"



**CHASE**

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

December 01, 2022 through December 30, 2022

Account Number: **9919**

---

**CUSTOMER SERVICE INFORMATION**

| Web site: | **Chase.com** |
|---|---|
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |

---

00094217 DRE 601 211 36522 NNNNNNNNNNN  1 000000000 64 0000

TI INVESTING LLC
17245 E LA PASADA DR
FOUNTAIN HILLS AZ 85268-3028



## We're changing how we charge fees for ACH Payment Services

On March 1, 2023 we'll remove the $25 monthly subscription fee, and you'll only pay when you use the service.

Here's how the fees will change:

<u>**Today:** Monthly subscription cost + transaction fees</u>
- $25 per month monthly subscription cost
- First 25 payments each month at no additional cost
- After that, each payment costs an additional $0.15 each

<u>**Starting March 1:** Transaction fees only</u>
- First 10 payments each month:  $2.50 each
- After that, each payment costs an additional $0.15 each

If you have questions, please call the number on this statement. We appreciate your business.

## CHECKING SUMMARY   Chase Business Complete Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** | | **$627.03** |
| Deposits and Additions | 4 | 171,653.62 |
| ATM & Debit Card Withdrawals | 12 | -812.10 |
| Fees | 2 | -18.00 |
| **Ending Balance** | **18** | **$171,450.55** |

Your account ending in 8660 is linked to this account for overdraft protection.

Your Monthly Service Fee was $15 this statement period.



### How to Avoid the Monthly Service Fee (MSF)

If you meet any of the following qualifying activities for this Chase Business Complete Checking$^{SM}$ account in a statement period, we will waive the $15 MSF.

Here's the business activity we used to determine if you qualified for the MSF waiver:
- $2,000 Minimum Daily Ending Balance: Your lowest daily ending balance was $216.87.
- $2,000 Chase Payment Solutions$^{SM}$ Activity: $0.00 was deposited into this account.
- $2,000 Chase Ink$^{®}$ Business Card Activity: $0.00 was your total Ink activity.

You can also avoid the MSF if you:
- Maintain a linked Chase Private Client Checking$^{SM}$ account OR
- Meet Chase Military Banking requirements

For complete details on all requirements to avoid the MSF, please review the Additional Banking Services and Fees for Business Accounts at chase.com/business/disclosures or visit a Chase branch.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/16 | Orig CO Name:Wrap Vault of SC        Orig ID:9P15101947 Desc Date:        CO Entry Descr:Payroll  Sec:PPD   Trace#:021000022601001 Eed:221216   Ind ID: Ind Name:Inserra, Anthony Trn: 3502601001Tc | $250.00 |
| 12/23 | Orig CO Name:Wrap Vault of SC        Orig ID:9P15101947 Desc Date:        CO Entry Descr:Payroll  Sec:PPD   Trace#:021000022651832 Eed:221223   Ind ID: Ind Name:Inserra, Anthony Trn: 3572651832Tc | 250.00 |
| 12/30 | Deposit      1189562750 | 165,153.62 |
| 12/30 | Remote Online Deposit            1 | 6,000.00 |
| **Total Deposits and Additions** | | **$171,653.62** |

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/05 | Card Purchase            12/03 Pinon Cafe 928-4742890 AZ Card 3781 | $26.09 |
| 12/05 | Card Purchase With Pin  12/04 Oeb Breakfast Scottsdale AZ Card 3781 | 34.54 |
| 12/05 | Non-Chase ATM Withdraw  12/05 *Mercado Scottsdale AZ Card 3781 | 103.00 |
| 12/12 | Card Purchase            12/09 Imaj Institute - Envisi Scottsdale AZ Card 3781 | 210.00 |
| 12/12 | Card Purchase            12/11 4490 Salt River Scottsdale AZ Card 3781 | 6.21 |
| 12/12 | Card Purchase            12/11 4490 Salt River Scottsdale AZ Card 3781 | 21.11 |
| 12/12 | Card Purchase            12/11 4490 Salt River Scottsdale AZ Card 3781 | 6.21 |
| 12/19 | Card Purchase With Pin  12/17 Frys-Food 29411 Cave C Cave Creek AZ Card 3781 | 39.62 |
| 12/19 | Card Purchase            12/18 Dunkin #349228 Scottsdale AZ Card 3781 | 15.39 |
| 12/20 | Card Purchase            12/19 Dunkin #349228 Scottsdale AZ Card 3781 | 7.12 |
| 12/20 | Card Purchase            12/19 Circle K 09174 Scottsdale AZ Card 3781 | 92.81 |
| 12/27 | Card Purchase            12/26 Wwp*Atomic Pest Contr 480-832-8888 AZ Card 3781 | 250.00 |
| **Total ATM & Debit Card Withdrawals** | | **$812.10** |

## ATM & DEBIT CARD SUMMARY

Anthony Joseph Inserra  Card 3781

| | |
|---|---|
| Total ATM Withdrawals & Debits | $103.00 |
| Total Card Purchases | $709.10 |
| Total Card Deposits & Credits | $0.00 |

ATM & Debit Card Totals

| | |
|---|---|
| Total ATM Withdrawals & Debits | $103.00 |
| Total Card Purchases | $709.10 |
| Total Card Deposits & Credits | $0.00 |


## FEES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 12/05 | Non-Chase ATM Fee-With | $3.00 |
| 12/30 | Monthly Service Fee | 15.00 |
| **Total Fees** | | **$18.00** |

## DAILY ENDING BALANCE

| DATE | AMOUNT |
|------|--------|
| 12/05 | $460.40 |
| 12/12 | 216.87 |
| 12/16 | 466.87 |
| 12/19 | 411.86 |
| 12/20 | 311.93 |
| 12/23 | 561.93 |
| 12/27 | 311.93 |
| 12/30 | 171,450.55 |



**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**For business accounts,** see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account agreement or other applicable agreements that govern your account.

**JPMorgan Chase Bank, N.A. Member FDIC**



This Page Intentionally Left Blank

# EXHIBIT "C"


JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

| CUSTOMER SERVICE INFORMATION | |
| --- | --- |
| Web site: | **Chase.com** |
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |



00093750 DRE 601 211 03223 NNNNNNNNNNN  1 000000000 64 0000

TI INVESTING LLC
17245 E LA PASADA DR
FOUNTAIN HILLS AZ 85268-3028

## We're changing how we charge fees for ACH Payment Services

On March 1, 2023 we'll remove the $25 monthly subscription fee, and you'll only pay when you use the service.

Here's how the fees will change:

**Today: Monthly subscription cost + transaction fees**
- $25 per month monthly subscription cost
- First 25 payments each month at no additional cost
- After that, each payment costs an additional $0.15 each

**Starting March 1: Transaction fees only**
- First 10 payments each month: $2.50 each
- After that, each payment costs an additional $0.15 each

If you have questions, please call the number on this statement. We appreciate your business.

## CHECKING SUMMARY     Chase Business Complete Checking

| | INSTANCES | AMOUNT |
| --- | --- | --- |
| **Beginning Balance** | | **$171,450.55** |
| Deposits and Additions | 3 | 24,800.00 |
| Checks Paid | 2 | -9,532.82 |
| ATM & Debit Card Withdrawals | 30 | -5,267.68 |
| Electronic Withdrawals | 3 | -149,919.46 |
| Other Withdrawals | 1 | -6,000.00 |
| Fees | 1 | -35.00 |
| **Ending Balance** | **40** | **$25,495.59** |

Congratulations, we waived the $15 Monthly Service Fee for this statement period, based on your qualifying activity.

Case 2:26-ap-00016-PS     Doc 1    Filed 01/23/26    Entered 01/23/26 12:25:59     Desc
Main Document        Page 23 of 34

**CHASE** ⬡

**How to Avoid the Monthly Service Fee (MSF)**
If you meet any of the following qualifying activities for this Chase Business Complete Checking$^{SM}$ account in a statement period, we will waive the $15 MSF.

Here's the business activity we used to determine if you qualified for the MSF waiver:
- $2,000 Minimum Daily Ending Balance: Your lowest daily ending balance was $25,495.59.
- $2,000 Chase Payment Solutions$^{SM}$ Activity: $0.00 was deposited into this account.
- $2,000 Chase Ink$^{®}$ Business Card Activity: $0.00 was your total Ink activity.

You can also avoid the MSF if you:
- Maintain a linked Chase Private Client Checking$^{SM}$ account OR
- Meet Chase Military Banking requirements

For complete details on all requirements to avoid the MSF, please review the Additional Banking Services and Fees for Business Accounts at chase.com/business/disclosures or visit a Chase branch.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|--|--------|
| 01/12 | ATM Check Deposit | 01/12 8200 N Via Paseo Del N Scottsdale AZ Card 3781 | $4,000.00 |
| 01/13 | ATM Check Deposit | 01/13 8999 E Shea Blvd Scottsdale AZ Card 3781 | 16,000.00 |
| 01/13 | ATM Cash Deposit | 01/13 8999 E Shea Blvd Scottsdale AZ Card 3781 | 4,800.00 |
| **Total Deposits and Additions** | | | **$24,800.00** |

## CHECKS PAID

| CHECK NO. | DESCRIPTION | DATE PAID | AMOUNT |
|-----------|-------------|-----------|--------|
| 98 ^ | | 01/11 | $7,532.82 |
| 99 ^ | | 01/27 | 2,000.00 |
| **Total Checks Paid** | | | **$9,532.82** |

If you see a description in the Checks Paid section, it means that we received only electronic information about the check, not the original or an image of the check. As a result, we're not able to return the check to you or show you an image.
^ An image of this check may be available for you to view on Chase.com.

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|--|--------|
| 01/03 | Card Purchase | 12/31 Vending New Leaf Vendin Surprise AZ Card 3781 | $3.50 |
| 01/03 | Card Purchase | 12/31 Tst* Butters Pancakes & Scottsdale AZ Card 3781 | 27.55 |
| 01/03 | Card Purchase | 01/02 Circle K 01576 Prescott AZ Card 3781 | 81.89 |
| 01/04 | Card Purchase | 01/02 Circle K 01576 Prescott AZ Card 3781 | 9.25 |
| 01/04 | Card Purchase | 01/03 Mcdonald's F16274 Scottsdale AZ Card 3781 | 12.95 |
| 01/04 | Card Purchase | 01/03 Starbucks Store 05664 Scottsdale AZ Card 3781 | 12.05 |
| 01/06 | Card Purchase | 01/05 Circle K 09174 Scottsdale AZ Card 3781 | 18.50 |
| 01/09 | Card Purchase | 01/06 Imaj Institute - Envisi Scottsdale AZ Card 3781 | 210.00 |
| 01/09 | Card Purchase | 01/07 Francis & Sons Car Wash Scottsdale AZ Card 3781 | 30.99 |
| 01/11 | Card Purchase | 01/10 Vending New Leaf Vendin Surprise AZ Card 3781 | 3.50 |
| 01/12 | Card Purchase | 01/11 Ecs647-387-160 Ecstuning.Com OH Card 3781 | 231.25 |
| 01/12 | Card Purchase | 01/11 Ecs175-066-506 Ecstuning.Com OH Card 3781 | 97.12 |
| 01/12 | Card Purchase | 01/11 Ecs108-353-659 Ecstuning.Com OH Card 3781 | 183.12 |
| 01/12 | Card Purchase | 01/11 Ecs923-556-329 Ecstuning.Com OH Card 3781 | 223.52 |
| 01/13 | Card Purchase | 01/12 Vending New Leaf Vendin Surprise AZ Card 3781 | 3.50 |
| 01/13 | Card Purchase | 01/12 Sq *Nyc Cafe Scottsdale AZ Card 3781 | 22.90 |
| 01/17 | Card Purchase | 01/13 L & J Motor Vehicle Scottsdale AZ Card 3781 | 244.50 |
| 01/17 | Card Purchase | 01/14 Amzn Mktp US*8M8Zf9F Amzn.Com/Bill WA Card 3781 | 51.69 |


CHASE

## ATM & DEBIT CARD WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 01/18 | Card Purchase | 01/13 Crutchfield.Com 800-955-9091 VA Card 3781 | 573.65 |
| 01/23 | Card Purchase With Pin | 01/21 The Home Depot 422 Payson AZ Card 3781 | 22.13 |
| 01/23 | Card Purchase | 01/22 Amzn Mktp US*Zv4Sp2J Amzn.Com/Bill WA Card 3781 | 15.04 |
| 01/23 | Card Purchase | 01/22 Amzn Mktp US*5N3A094 Amzn.Com/Bill WA Card 3781 | 79.13 |
| 01/23 | Card Purchase | 01/22 Amzn Mktp US*C41Bs28 Amzn.Com/Bill WA Card 3781 | 71.99 |
| 01/24 | Card Purchase | 01/23 Vending Crossfit North Scottsdale AZ Card 3781 | 3.00 |
| 01/24 | Card Purchase | 01/23 Palm Beach Tan Phx005 Scottsdale AZ Card 3781 | 77.30 |
| 01/25 | Card Purchase | 01/24 Amzn Mktp US*R66VT88 Amzn.Com/Bill WA Card 3781 | 316.18 |
| 01/25 | Card Purchase | 01/25 Amazon.Com*Xn5Tg4B53 Amzn.Com/Bill WA Card 3781 | 30.27 |
| 01/26 | Card Purchase | 01/25 Vivid Racing 480-9663040 AZ Card 3781 | 2,353.57 |
| 01/26 | Card Purchase With Pin | 01/26 The Home Depot #0420 Scottsdale AZ Card 3781 | 32.63 |
| 01/30 | Card Purchase | 01/28 Wal-Mart #1369 Payson AZ Card 3781 | 225.01 |
| **Total ATM & Debit Card Withdrawals** | | | **$5,267.68** |



## ATM & DEBIT CARD SUMMARY

Anthony Joseph Inserra  Card 3781

| | | |
|---|---|---|
| | Total ATM Withdrawals & Debits | $0.00 |
| | Total Card Purchases | $5,267.68 |
| | Total Card Deposits & Credits | $24,800.00 |

ATM & Debit Card Totals

| | | |
|---|---|---|
| | Total ATM Withdrawals & Debits | $0.00 |
| | Total Card Purchases | $5,267.68 |
| | Total Card Deposits & Credits | $24,800.00 |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/11 | Zelle Payment To Tonylusso Jpm999Kq87Uq | $5,000.00 |
| 01/12 | Zelle Payment To Tonylusso Jpm999Krzm6N | 2,500.00 |
| 01/17 | 01/17 Domestic Wire Transfer A/C: Great American Title Agency, Inc. Phoenix AZ 85020-7400 US Ref: Excrow# 0402300002-Hl 816 S. Running Elk Road, Payson, AZ 85541 Trn: 3575493017Es | 142,419.46 |
| **Total Electronic Withdrawals** | | **$149,919.46** |

## OTHER WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/03 | 12/31 Withdrawal | $6,000.00 |
| **Total Other Withdrawals** | | **$6,000.00** |

## FEES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/17 | Domestic Wire Fee | $35.00 |
| **Total Fees** | | **$35.00** |



## DAILY ENDING BALANCE

| DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT |
|------|--------|------|--------|------|--------|
| 01/03 | $165,337.61 | 01/12 | 153,272.54 | 01/24 | 30,453.25 |
| 01/04 | 165,303.36 | 01/13 | 174,046.14 | 01/25 | 30,106.80 |
| 01/06 | 165,284.86 | 01/17 | 31,295.49 | 01/26 | 27,720.60 |
| 01/09 | 165,043.87 | 01/18 | 30,721.84 | 01/27 | 25,720.60 |
| 01/11 | 152,507.55 | 01/23 | 30,533.55 | 01/30 | 25,495.59 |

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**For business accounts,** see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account agreement or other applicable agreements that govern your account.

**JPMorgan Chase Bank, N.A. Member FDIC**

# EXHIBIT "D"



RECORDING REQUESTED BY:
Great American Title Agency, Inc.

WHEN RECORDED MAIL TO:
Anthony Inserra
13898 E Laurel Lane
Scottsdale, AZ 85259

ESCROW NO.: 0402300002-HL

This area reserved for the County Recorder

# WARRANTY DEED

For the consideration of Ten Dollars, and other valuable considerations,

**Good News Group, LLC, an Arizona Limited Liability Company**

does hereby convey to

**Anthony Inserra, a married man as his sole and separate property**

the following real property situated in Gila County, Arizona:

See Exhibit A attached hereto and made a part hereof.

SUBJECT TO:  Current taxes and other assessments, reservations in patents and all easements, rights-of-way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

The undersigned hereby warrants the title against all persons whomsoever, subject to the matters set forth.

Unofficial Copy

Order No.: 0402300002-HL
Property Address:  816 S. Running Elk Road, Payson, AZ 85541
Warranty Deed
Page 1 of 3

Dated: January 16, 2023.

**GRANTOR(S):**

Good News Group, LLC

BY: _____ , member
  Ross Ferraro
  Member


State of Arizona

County of Maricopa

Signed and sworn to before me the 16 day of January , 2023 by Ross Ferraro, the Member of Good News Group, LLC, on behalf of the Limited Liability Company.

_____
Notary Public
My commission expires: 9/30/2024
Affix stamp/seal:

```
SANDRA A. BALL
Notary Public, State of Arizona
Maricopa County
Commission # 590613
My Commission Expires
September 30, 2024
```

Order No.: 0402300002-HL
Property Address: 816 S. Running Elk Road, Payson, AZ 85541
Warranty Deed
Page 2 of 3

# EXHIBIT "A"

Lot 108, of COLCORD MOUNTAIN HOMESITES, according to Map No. 239, Records of Gila County, Arizona.

Unofficial Copy

Order No.: 0402300002-HL
Property Address: 816 S. Running Elk Road, Payson, AZ 85541
Warranty Deed
Page 3 of 3

# EXHIBIT "E"



RECORDING REQUESTED BY:
Great American Title Agency, Inc.

WHEN RECORDED MAIL TO:
AnnaMaria Inserra
13898 E Laurel Lane
Scottsdale, AZ 85259

ESCROW NO.:  0402300002-HL

This area reserved for the County Recorder

## DISCLAIMER DEED

Affidavit Exempt per ARS 11-1134 B3

WITNESSETH THIS DISCLAIMER DEED, made by

AnnaMaria Inserra, spouse of Anthony Inserra

hereinafter called "the undersigned" to

Anthony Inserra, a married man as his sole and separate property

hereinafter called "the spouse;"

WHEREAS:

1. The spouse has acquired title to the following property situated in **Gila** County, State of **Arizona**, to-wit:

    See Exhibit A attached hereto and made a part hereof.

2. The property above described is the sole and separate property of the spouse having been purchased with separate funds of the spouse.

3. The undersigned has no present right, title, interest, claim or lien of any kind or nature whatsoever in, to or against said property.  This instrument shall also constitute a waiver, by the undersigned, in favor of any mortgagee, deed of trust beneficiary or deed of trust trustee of any right to file a declaration or claim of homestead affecting the above described property.

4. This instrument is executed not for the purpose of making a gift to the spouse, but solely for the purpose of clearly showing of record that the undersigned has and claims no interest in and to said property, the undersigned expecting third persons to rely on this disclaimer.

NOW, THEREFORE, in consideration of the premises, the undersigned does hereby disclaim, remise, release and quitclaim unto the spouse and to the heirs and assigns of said spouse forever, all right, title, interest, claim and demand which the undersigned might appear to have in and to the above described property.

Order No.:  0402300002-HL
Property Address:  816 S. Running Elk Road, Payson, AZ 85541
Disclaimer Deed

Dated:  January 16, 2023

AnnaMaria Inserra

State of Arizona

County of Maricopa

Signed and sworn to before me the 19 day of January, 20 23, by AnnaMaria Inserra.

Notary Public

My commission expires: 1/26/2026
Affix stamp/seal:

STACEY M LEWIS
Notary Public - Arizona
Maricopa County
Commission # 618439
My Comm. Expires Jan 26, 2026

Order No.: 0402300002-HL
Property Address:  816 S. Running Elk Road, Payson, AZ 85541
Disclaimer Deed

## EXHIBIT "A"

Lot 108, of COLCORD MOUNTAIN HOMESITES, according to Map No. 239, Records of Gila County, Arizona.

Order No.: 0402300002-HL
Property Address:  816 S. Running Elk Road, Payson, AZ 85541
Disclaimer Deed